JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
Meghan M. McCalla
Assistant U.S. Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:16-CR-2044-SAB |
| Plaintiff, | NOTICE OF INTENT TO RELY ON FRE 609 EVIDENCE |
| v. | |
| JASON WILLIAM CATHCART, | |
| Defendant. | |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Meghan M. McCalla, Assistant United States Attorney, hereby gives notice of its intent to rely on Rule 609 evidence at trial. The Government's notice of its intent to use evidence under 414 and 404(b) was already filed in ECF No. 33.

**1. Defendant's Prior Felony Convictions Should Be Admitted to Impeach Under Rule 609.**

The United States intends to offer evidence of defendant's below felony convictions and other acts to impeach his testimony (if any) under Rule 609 of the Federal Rules of Evidence.

**A. Felony First Degree Child Molestation-Domestic Violence and Second Degree Incest Convictions Admissible Under Rule 609:**

**(1) September 20, 2017 – First Degree Child Molestation-Domestic Violence**, in the Superior Court of Washington for Yakima County, Cause Number 16-1-00620-39 (bates discovery pages 3854-3879).

Notice of Intent to Rely      1
on Rule 404(b) and 609 Evidence

**(2) September 20, 2017 – Second Degree Incest**, in the Superior Court of Washington for Yakima County, Cause Number 16-1-00620-39 (bates discovery pages 3854-3879).

**2. Defendant's Prior Felony Convictions Are Admissible as Impeachment Evidence under Fed. R. Evid. 609.**

Rule 609(a) of the Federal Rules of Evidence provides in pertinent part:

> For the purpose of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[.]

Fed. R. Evid. 609(a)(1). Under this rule, evidence of a prior conviction may be admitted for impeachment purposes if the probative value outweighs the prejudicial effect of admission. The Ninth Circuit has set forth a five-factor test for balancing the probative value of a prior conviction against potential unfair prejudice. *United States v. Cook*, 608 F.2d 1175, 1185 n.8 (9th Cir. 1979) (en banc), overruled on other grounds, *Luce v. United States*, 469 U.S. 38 (1984). The trial court should balance: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent criminal history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *Id.*; *see also United States v. Browne*, 829 F.2d 760 (9th Cir. 1987).

The Ninth Circuit has further indicated that "the government should not be prevented from providing the jury with information which undercuts the defendant's trustworthiness as a witness." *Browne*, 829 F.2d at 763-764. Thus, when a defendant attempts to present himself to be of untarnished character, the government is not required to "sit silently by, looking at a criminal record which, if made known, would

Notice of Intent to Rely    2
on Rule 404(b) and 609 Evidence

give the jury a more comprehensive view of the trustworthiness of the defendant as a witness." *Id.*

Here, defendant has incurred these two felony convictions, which are part and parcel to the federally-charged conduct at issue in the instant indictment. The listed convictions directly inform Defendant's veracity as a witness and fall within the 10-year time limitation.

In conducting the Rule 609(a) balancing analysis above, defendant's convictions would be of great impeachment value if he testifies because they bear on his unlikely credibility at trial. Though it is still unknown whether and to which issues defendant would testify, the United States contends that defendant would only testify if he perceived the issue to be one of importance. Further, these convictions—based on many of the same underlying facts as those intrinsic to the indicted charges—are very recent (September 20, 2017) and took place following the indictment in this case (June 14, 2016). Factor three also augers in favor of allowing the government to impeach defendant with his prior convictions. As mentioned *surpa*, the facts underlying these convictions are the same as those implicated by the charges of the indictment. The sexual abuse perpetrated and to which Defendant pleaded guilty (First Degree Child Molestation-Domestic Violence and Second Degree Incest) involve the same conduct and victim as Count 1 of the indictment. Moreover, that conduct parallels and bleeds into the same conduct alleged in Count 2 of the indictment.

If defendant chooses to testify, his credibility will be a central issue in the case and his character for honesty is a factor that should be carefully weighed by the Court. The importance of defendant's testimony, should he testify, is crucial in a case such as this. For example, defendant might be called to testify to a purported lack of involvement with children or computers or that he did not know about the child pornography located on his computer in this case.

Based on the foregoing, evidence of defendant's prior felony convictions should

Notice of Intent to Rely      3
on Rule 404(b) and 609 Evidence

be admitted if he chooses to testify. The convictions will give the jury a clearer picture of defendant's credibility, which will be key to such testimony. Such evidence affecting defendant's credibility should not be hidden from the jury. Any potential prejudice can be minimized by giving the jury an appropriate limiting instruction stating that the jury should only consider the convictions for assessing defendant's credibility.

### 3. Conclusion

Based on the foregoing, the Court should allow the government to offer evidence of defendant's felony convictions to impeach his testimony under Rule 609.

DATED: June 8, 2018

Respectfully submitted,
JOSEPH H. HARRINGTON
United States Attorney

By:  /s/ Meghan M. McCalla
MEGHAN M. McCALLA
Assistant U.S. Attorney

I hereby certify that on June 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Jeremy B. Sporn.

 /s/ Meghan M. McCalla
MEGHAN M. McCALLA
Assistant U.S. Attorney