JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
Meghan M. McCalla
Assistant U.S. Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:16-CR-2044-SAB |
| Plaintiff, | |
| v. | GOVERNMENT'S NOTICE OF INTENT TO RELY ON RECORD AND NOT CALL WITNESSES |
| JASON WILLIAM CATHCART, | |
| Defendant. | |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Meghan M. McCalla, Assistant United States Attorney, hereby provides notice that it will not call any witnesses regarding consent. The Court issued an oral order at the Pretrial Conference-Suppression Hearing on June 13, 2018, requiring that the government alert the Court by today's date if it intended to call any witness to address consent—the government will not call any witnesses.

As the government supported at the suppression hearing, the Court should consider the documents Defendant himself provided in support of his suppression motion, to include evidence of actual and apparent authority in the search warrant for the electronic devices. ECF No. 30, Defense Exhibit B. This is particularly true if, as Defendant claims,

United States' Notice of Intent to Rely on Record and Not Call Witnesses - 1

he also intended to challenge consent. In *United States v. Matlock*, the Supreme Court reiterated its ruling in *McCray v. Illinois*, 386 U.S. 300 (1967), involving the issue of hearsay evidence in consideration of challenges to Fourth Amendment search and seizure:

> . . . we specifically rejected the claim that defendant's right to confrontation under the Sixth Amendment and Due Process Clause of the Fourteenth Amendment had in any way been violated. We also made clear that there was no contrary rule governing proceedings in the federal courts. There is, therefore, much to be said for the proposition that in proceedings *where the judge himself is considering the admissibility of evidence, the exclusionary rules, aside from rules of privilege, should not be applicable; and the judge should receive the evidence and give it such weight as his judgment and experience counsel*.

415 U.S. 164, 174-75 (1974) (emphasis added) (finding no violation of the right to confrontation when police testified to hearsay statements made by unidentified informant, and so it was not mandatory to receive testimony from informant).

"Should the exclusionary law of evidence, 'the child of the jury system' in Thayer's phrase, be applied to this hearing before the judge? Sound sense backs the view that it should not, and that *the judge should be empowered to hear any relevant evidence, such as affidavits or other reliable hearsay.*" *Id.* n.12 (emphasis added) (citing and quoting C. McCormick, Evidence s 53, p. 122 n. 91 (2d ed. 1972)).

Defense Exhibit B, the search warrant affidavit for the electronic devices, provides sufficient information for the Court to consider in determining the validity of Ms. Cathcart's actual and apparent authority to consent to a search of the electronic devices: (1) Ms. Cathcart's request that officers come to the home she shared with Defendant to collect the electronic devices (bates page 255, middle of page); (2) Defendant's request that Ms. Cathcart turn on the home computer tower for remote access, suggesting Ms. Cathcart's equal access and control (bates page 256, top of page); (3) discussion of Defendant's use of his laptop (not the devices in question here) in the privacy of the bathroom (bates page 256, last two sentences of top paragraph); (4) location of multiple

media devices in open and unlocked areas of the house (bates page 256, first full paragraph); (5) location of the "main computer tower in the house" (bates page 256, second full paragraph); and (6) addition of family-related items attached to computer, such as external speakers, keyboard, drum set, and game controllers (bates page 256, second full paragraph).

Defense Exhibit F is Ms. Cathcart's written consent to search the electronic devices, to include her description of her relationship to the items as "joint-owner," showing both actual and apparent authority. Bates pages 1029-30.

Defense Exhibit J (ECF No. 40), an interview conducted with Ms. Cathcart after the execution of the consent forms and search warrants, provides for additional information indicating Ms. Cathcart had actual authority to consent, such as her access, as needed, to the tower computer (bates page 899); the permission Defendant gave her to access his files, including providing her passwords (bates page 899); and Defendant's sharing with Ms. Cathcart his remote access ability and set-up of said ability while at Central (bates page 900).

Based on the foregoing, the Court may and should consider these items, even though hearsay, in its consideration of consent, which is an alternative to the warrant requirement. As such, the government respectfully declines to call a witness to testify regarding consent.

DATED: June 15, 2018                Respectfully submitted,

JOSEPH H. HARRINGTON
United States Attorney


By:   /s/ Meghan M. McCalla
      MEGHAN M. McCALLA
      Assistant U.S. Attorney

I hereby certify that on June 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following attorney of record: Jeremy Sporn.

                                /s/ Meghan M. McCalla
                                MEGHAN M. McCALLA
                                Assistant U.S. Attorney