William D. Hyslop
United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON WILLIAM CATHCART,<br><br>Defendant. | 1:16-CR-2044-SAB<br><br>PLEA AGREEMENT<br><br>Fed. R. Crim. Proc. 11(c)(1)(C) |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Ian L. Garriques, Assistant United States Attorney for the Eastern District of Washington, and Defendant JASON WILLIAM CATHCART (hereinafter "Defendant") and the Defendant's counsel, Jeremy B. Sporn, agree to the following Plea Agreement pursuant to Fed. R. Crim. Proc. 11(c)(1)(C):

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to plead guilty to Count 1 and Count 2 of the Indictment in this case charging the Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). The Defendant understands that his guilty plea to each Count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), carries separate maximum penalties of not less

Plea Agreement - 1

than fifteen years nor more than thirty years imprisonment, a fine not to exceed $250,000; a term of supervised release of not less than 5 years and no more than life; a $100 special penalty assessment; and a $5000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015, unless the Court finds Defendant to be indigent.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

Pursuant to this Court's General Order 20-101-3 (eff. March 30, 2020) and Section 15002(b) of the CARES Act, Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), the Defendant agrees to the use of video conferencing (or telephone conferencing if video conferencing is not reasonably available) for his felony plea hearing, sentencing, and other eligible hearings listed in Section 15002(b) of the CARES Act.

2.    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the

Plea Agreement - 2

applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The United States and the Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that they will jointly recommend that the Defendant's sentences of imprisonment on Count 1 and Count 2 of the Indictment be imposed concurrently to each other and to his sentence of imprisonment in Yakima County Superior Court Cause No. 16-1-00620-39.  The parties agree that the Defendant may withdraw from this Plea Agreement if: (a) the Court imposes consecutive sentences of imprisonment on Count 1 and Count 2, which when aggregated, exceed a total term of imprisonment of 30 years; or (b) the sentences of imprisonment on Count 1 and Count 2 are not imposed concurrently to his sentence of imprisonment in Yakima County Superior Court Cause No. 16-1-00620-39.

3.   Waiver of Constitutional Rights:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).   The right to a jury trial;

(b).   The right to see, hear and question the witnesses;

(c).   The right to remain silent at trial;

(d).   The right to testify at trial; and

(e).   The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently

Plea Agreement - 3

pending before the Court are waived.

4.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), the United States would have to prove beyond a reasonable doubt the following elements:

First, at the time of the offense the minor was under the age of eighteen;

Second, the Defendant used the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

Third, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

9th Cir. Model Crim. Jury Instr. 8.181 (2010).

5.    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On March 31, 2016, Witness 1 reported to the Selah Police Department (Selah PD) that four-year old Minor A had been molested by the Defendant. Witness 1 found Defendant lying in bed with Minor A.  Both Defendant and Minor A were nude from the waist down.  Witness 1 reported that Defendant made a statement similar to, "No, no, no my life is over."  Witness 1 picked up Defendant's iPhone and took two photographs of the scene, one of Minor A and one of Defendant.  Minor A was very upset, and Witness 1 had to calm her

down.  A sexual assault examination of Minor A at the hospital showed that she had been sexually abused, that she had an inflamed genital-anal area and rash.

Later that evening, Defendant turned himself in at Selah PD.  Post-*Miranda*, Defendant stated that had come to the police department, because "This morning I touched [Minor A] in an inappropriate manner.  It's not the first incident and [Witness 1] walked in."  Defendant continued, "I had her pants down and I was rubbing my penis against her vagina."  Defendant again admitted he had done this before.  Defendant denied penetrating Minor A, because "she's too little; she's small."  Defendant stated that Minor A's pants were down and was just wearing a pajama top.  Defendant described the pajamas as blue with candy canes on them.  Defendant denied actively trying to view pornography or child pornography.  He indicated, "I don't think so, no," regarding whether his laptop or desktop computer would contain pornography.  Selah PD obtained consent from Defendant to obtain a DNA sample.  Defendant was arrested, and later convicted of, state charges for First Degree Child Molestation involving Minor A.

Various items pertaining to Defendant's sexual abuse and production of child pornography involving Minor A were seized and examined by means of search warrants, such as, Defendant's iPhone, pajamas, bedding, clothing items, computers, and digital media.  During the course of a forensic examination, Secret Service SA Huntoon located approximately 2,173 images of child pornography on Defendant's Lian Li desktop tower computer.  Many of these images were recovered from unallocated space on the drives, indicating that they had been previously deleted.  SA Huntoon also uncovered sexually explicit images of Minor A and Minor G on Defendant's Lian Li desktop computer.

On May 16, 2016, SA Huntoon identified various sexually explicit images that appeared similar to Minor A.  After being shown the images, Witness 1

stated that the images actually depicted eight-year old female Minor G.  Law enforcement met with Witness 2 who confirmed that Minor G had been at Defendant's residence on several occasions within the past year. Witness 2 identified Minor G in numerous sexually explicit images obtained from Defendant's computer.  Witness 2 also identified Minor G's sleeping bag and pajamas in the images, which were then provided to the police.  A variety of the images depicted Defendant's penis being inserted into Minor G's mouth and Defendant's fingers being inserted into Minor G's rectum, while other images focused in on Minor G's genital-anal area.  Witness 2 indicated that Minor G had been left alone with Defendant on several prior occasions within the last year and on two occasions by May of 2016.  Later DNA testing confirmed the presence of Defendant's semen on Minor G's sleeping bag.

On June 3, 2016, while reviewing the computer locations of child pornography produced by Defendant involving Minor G, SA Huntoon located an additional 80 images of child pornography involving Minor G.  While reviewing Defendant's Lian Li Desktop Computer, SA Huntoon also located two images of child pornography Defendant had produced involving Minor A.  The images displayed bedding seized from Defendant's residence, Minor A's candy cane patterned pajamas, and a penis entering the minor's rectum.

The computers and devices that Defendant used to produce and store the child pornography images of Minor A and Minor G had been mailed, shipped, and transported across state lines and in foreign commerce.  Defendant produced the child pornography images of Minor A and Minor G in the Eastern District of Washington.  Further, Defendant used Minor A and Minor G to take part in

///

///

///

Plea Agreement - 6

sexually explicit conduct for the purpose of producing visual depictions of such conduct.

6.    The United States Agrees:

a. Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

b. Dismissal of Charges:

Following sentencing and pursuant to Fed. R. Crim. P. Rule 48(a), the United States agrees to move to dismiss Count 3 of the Indictment.  The Defendant understands and agrees that the U.S. Probation Office and the Court may still consider the conduct underlying any dismissed counts in determining relevant conduct under the Sentencing Guidelines.

7.    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a. Count 1: Base Offense Level & Specific Offense Characteristics

The United States and the Defendant agree that the base offense level for Count 1 (Production of Child Pornography) is 32. *See* U.S.S.G. § 2G2.1(a).

The United States and the Defendant agree that the base offense level is increased by 4 levels because the offense involved a minor who had not attained

the age of twelve years. *See* U.S.S.G. § 2G2.1(b)(1)(A).

The United States and the Defendant agree that the base offense level is increased by 2 additional levels because the offense involved the commission of a sexual act or contact. *See* U.S.S.G. § 2G2.1(b)(2)(A).

The United States and the Defendant agree that the base offense level is increased by 4 additional levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, or an infant or toddler. *See* U.S.S.G. § 2G2.1(b)(4).

The United States and the Defendant agree that the base offense level is increased by 2 additional levels because the Defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the Defendant. *See* U.S.S.G. § 2G2.1(b)(5).

   b.  <u>Count 2: Base Offense Level & Specific Offense Characteristics</u>

The United States and the Defendant agree that the base offense level for Count 2 (Production of Child Pornography) is 32. *See* U.S.S.G. § 2G2.1(a).

The United States and the Defendant agree that the base offense level is increased by 4 levels because the offense involved a minor who had not attained the age of twelve years. *See* U.S.S.G. § 2G2.1(b)(1)(A).

The United States and the Defendant agree that the base offense level is increased by 2 additional levels because the offense involved the commission of a sexual act or contact. *See* U.S.S.G. § 2G2.1(b)(2)(A).

The United States and the Defendant agree that the base offense level is increased by 4 additional levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, or an infant or toddler. *See* U.S.S.G. § 2G2.1(b)(4).

The United States and the Defendant agree that the base offense level is

Plea Agreement - 8

increased by 2 additional levels because the Defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the Defendant. *See* U.S.S.G. § 2G2.1(b)(5).

### c.  Multiple Counts

The United States and the Defendant make no agreement as to the application of any adjustments for Multiple Counts as set forth in U.S.S.G. §§ 3D1.1 through 3D1.5.

### d.  Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

### e.  Pattern of Activity Involving Prohibited Sexual Conduct

The United States and the Defendant are free to argue whether Defendant's offense level determined under Chapters Two and Three of the Sentencing Guidelines Manual should be increased by 5 additional levels for a pattern of

///

///

activity by Defendant involving prohibited sexual conduct. *See* U.S.S.G. § 4B1.5(b).

    f.    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Pre-Sentence Investigative Report is completed.

    8.    Recommended Term of Imprisonment:

The United States and the Defendant agree and stipulate that:

    a.    the United States will recommend that Defendant be sentenced to a 30-year term of imprisonment on Count 1 and a 30-year term of imprisonment on Count 2, to be imposed concurrently to each other and to his sentence of imprisonment in Yakima County Superior Court Cause No. 16-1-00620-39; and

    b.    the Defendant will recommend that Defendant be sentenced to a 15-year term of imprisonment on Count 1 and a 15-year term of imprisonment on Count 2, to be imposed concurrently to each other and to his sentence of imprisonment in Yakima County

///
///
///
///
///

Plea Agreement - 10

Superior Court Cause No. 16-1-00620-39.[1]

9.     Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Neither party may withdraw from the Plea Agreement based on the ultimate fine imposed.

10.     Supervised Release:

The United States and the Defendant agree that the United States will recommend a lifetime term of supervised release and that the Defendant will recommend a 20-year term of supervised release. Neither party may withdraw from the Plea Agreement based on the ultimate term of supervised release

///

///

---

[1] Defendant understands that he is currently serving a term of confinement of life with a minimum of 120 months, imposed in Yakima County Superior Court Cause No. 16-1-00620-39 (hereinafter "state term of confinement").  Defendant understands and agrees that this Plea Agreement, the recommendations by the parties herein, and this Court's ultimate judgment and sentence in this case will not bind the State of Washington and its governmental, correctional, and judicial subdivisions (hereinafter collectively referred to as the "State of Washington"), with respect to the length, manner, and means of Defendant's state term of confinement.  Defendant understands and agrees that the United States, his defense counsel, and the Court cannot predict how the State of Washington will determine the ultimate length, manner, and means of Defendant's state term of confinement. Defendant nevertheless acknowledges and agrees that he freely and voluntarily seeks to plead guilty as set forth herein.

Plea Agreement - 11

imposed.

11.    Restitution:

The United States and Defendant agree that restitution is required.  *See* 18 U.S.C. §§ 2259, 3663A, and 3664. The United States and Defendant hereby stipulate and agree that pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of the victims' losses. For purposes of 18 U.S.C. § 2259, "victim," means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual(s), and/or medical provider who provided medical services and/or funds related to the treatment of the victims.

Defendant understands and agrees that the Court, in addition to any other penalty, shall order Defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, and the Court may order Defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663(a)(3), including restitution as to all victims detailed in the discovery received through the date of the instant agreement, whether or not Defendant enters a plea of guilty to such counts, and whether or not such counts are foregone pursuant to this agreement.

With respect to restitution, the United States and Defendant agree to the following:

a.    Restitution Amount and Interest

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing.  The United States and Defendant agree that interest on this restitution amount, if any, should be

Plea Agreement - 12

waived.

    b.  <u>Payments</u>

To the extent that the Court orders restitution, the United States and Defendant agree that the Court will set a restitution payment schedule based on his financial circumstances.  *See* 18 U.S.C. § 3664(f)(2), (3)(A).  Regardless, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

    c.  <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.  If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets.  *See* 18 U.S.C. §§ 3572, 3613, and 3664(m).  Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, parent, nominee, or third party.  Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S.

///

///

Attorney's Office to access records to verify the financial information.

      d.  <u>Notifications and Waivers</u>

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable. Neither party may withdraw from the Plea Agreement based on the ultimate amount or restitution ordered. Despite the foregoing and as set forth in Section 16 below, Defendant may appeal the Court's restitution order if it totals more than $500,000.

      12.  <u>Mandatory Special Penalty Assessments</u>:

The Defendant agrees to pay the $200 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

      13.  <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate

Plea Agreement - 14

Financial Responsibility Program.

14.   <u>Judicial Forfeiture</u>:

The Defendant, JASON WILLIAM CATHCART, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets listed herein to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

LIAN LI DESKTOP PC (custom home made computer), containing three Hard Disk Drives:

(1) SEAGATE BARRACUDA 7200.10 Drive, Serial Number: 9QF81W8C;

(2) PNY XLR8 SSD Drive, Serial Number: SSD1SC120G3LA726B087-327;

(3) CORSAIR FORCE LS SSD Drive, Serial Number: 14528168000101670131

The Defendant stipulates that he is the sole owner of the assets identified for forfeiture in the Bill of Particulars and in this Plea Agreement and that no one else has an interest in the assets.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of the Production of Child Pornography (Count 1 and Count 2), in violation of 18 U.S.C. § 2251(a), to which Defendant is pleading guilty.  The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any

///

///

Plea Agreement - 15

forfeiture proceeding.

The Defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that USSS might take, in its sole discretion, to carry out the abandonment, disposition, and destruction of the assets. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of assets, including any such claim for attorney fees and litigation costs.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s).  Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

<u>Abandonment</u>

The Defendant agrees to abandon any and all interest he has in the following

///

Plea Agreement - 16

listed assets to the United States Secret Service (USSS):

1.      A Western Digital Hard Disk Drive, WD 1200,
S/N:  WCANN1138389

2.      A Western Digital Hard Disk Drive, WD 1200,
S/N: WCANP1105004

3.      A Macintosh Hard Disk Drive, ClubMac Periph Quantum 40,
S/N: 40009255077;

4.      Western Digital Hard Disk Drive, WD 1200, 120 GB,
S/N: WCANN1141685;

5.      Western Digital Hard Disk Drive, WD 1200, S/N: WCANM3258243;

6.      Seagate Hard Disk Drive, SRD00F1, S/N: NA7N9WSS;

7.      SanDisk Ultra 16GB memory card;

8.      Amazon Basics, 16GB SD Card;

9.      Micro SD Card, S/N: 0816G57395V;

10.     Micro SD Card, S/N: 0815G54373V.

11.     Kingston SD Card;

12.     Smart Media Memory Card, 64 MG;

13.     DT Mini Slim, 16 GB memory card;

14.     Lexar Thumb Drive, S/N: AAETHPCR9HTNCMSN;

15.     E1GB Secureguard Thumb Drive, S/N: 07730F947901;

16.     Lexar Thumb Drive, 512 MB;

17.     SD Card Adapter;

18.     Shuttle Desktop Computer, S/N: K4500000R0825F02791;

19.     Gateway Laptop, M28OE, S/N: 0035901624;

20.     Garmin USB Stick;

21.     MacBook, A1286, S/N: C02KV0K6F1G3;

22.     Apple iPad, A1458, S/N: DMRJF98KF182;

23. Seagate Hard Disk Drive, ST39102LC, S/N: LV137609;

24. Seagate Hard Disk Drive, ST318203LC, S/N: LRC04406;

25. Maxtor Hard Disk Drive, 90650U2, S/N: C21Z2XXC;

26. Seagate Hard Disk Drive, ST39102LC, S/N: LV140259;

27. Seagate/Compaq Hard Disk Drive, BD0366349C, S/N: 3CD19J4Y;

28. Seagate, ST318404LC, S/N: 3BTOVK6E;

29. Seagate, ST318203LC, S/N: LRC20806;

30. Seagate/Compaq, BD0366349C, S/N: 3CD17MED;

31. Maxtor, 34098H4, S/N: L4R1GAHC;

32. Seagate, ST310211A, S/N: 6DB0GAM2;

33. Western Digital Hard Disk Drive, WD64AA, S/N: WM6532214685;

34. Seagate Hard Disk Drive, ST36811A, S/N: 3CS0JTQF;

35. IBM Hard Disk Drive, DJNA-371350, S/N: GMT5Z026;

36. Quantum Fireball Plus, S/N: GTLAL LM30A011-01-A;

37. IBM Travelstar DBCA-206480, S/N: RRPB4737;

38. Toshiba, MK1016GAP, S/N: 21F82980T;

39. IBM Travelstar DARA-20600, S/N: AFFA2214;

40. IBM Travelstar DARA-206000, S/N: AFF94123;

41. Toshiba, MK6411MAT, S/N: 79R32817T;

42. Toshiba, MK2016GAP, S/N: 61KB6416T;

43. Cronos, MKNSSDCR120GB, S/N: MKN1210A0000052948;

44. Smart Media PNY card, 128 MB, S/N: 5ND5CT0501T10394;

45. Smart Media Memory card, 16MB, S/N: 5MF9CT0F01N37497;

46. PureDigital Technologies, FlipVideo camera, S/N: GS2074601119;

47. Apple laptop, A1212, S/N: W86510SGW0M;

48. Micronpc, Transport GX3 A3LST10WLR, S/N: 3535954-0001;

49. Toshiba, PRS409U-E, S/N: Y9205558U;

50.   Western Digital Hard Disk Drive, S/N: WCAV3A119498;

51.   Quantum Hard Drive, S/N: 645528736015N;

52.   Quantum Hard Drive, S/N: 329909352070TMTXX;

53.   Quantum Hard Drive, S/N: 372905473817PGZXX;

54.   Quantum Hard Drive, S/N: 369914635714TMZXX;

55.   IBM Hard Drive, S/N: 119928741265TMTXX;

56.   Gateway 2000 Nomad 450 DXL laptop, S/N: 277A430579;

57.   Gymboree rust/red dress, Circo brown with leopard print leggings, purple and white comforter, one red and black JOBY GorillaPod Magnetic flexible camera tripod, pink quilt with flower pattern, purple sleeping bag, White pajama top with deer print, white pajama pants with flowers, two pink heart print nightgowns, Giraffe stuffed animal, red velvet child's dress, men's blue/white plaid shirt, North Face sleeping bag, green & white floral patterned quilt, and one Men's plaid pajama top.

The Defendant agrees to take all steps as requested by the United States and USSS to effectuate the abandonment of assets to USSS and hereby agrees to execute any and all forms and pleadings necessary to effectuate such abandonment. Defendant consents to the disposal, including destruction, of the assets.

15.   Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16.   Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge

Plea Agreement - 19

the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order up to $500,000, and order of supervised release. Defendant retains his right to appeal a restitution order totaling more than $500,000. In addition, if the Court: (a) imposes consecutive sentences of imprisonment on Count 1 and Count 2, which when aggregated, exceed a total term of imprisonment of 30 years; or (b) imposes sentences of imprisonment on Count 1 and Count 2 that are not concurrent to Defendant's sentence of imprisonment in Yakima County Superior Court Cause No. 16-1-00620-39, Defendant may then seek to withdraw his pleas of guilty in this Court pursuant to Fed. R. Crim. Proc. 11(c)(1)(C). Defendant, however, shall not be permitted, by the terms of this Plea Agreement, to appeal said sentences of imprisonment to the Court of Appeals.

Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17.    <u>Notice of Sex Offender Registration:</u>

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses

Plea Agreement - 20

of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18.    <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and signatures

The parties acknowledge and agree that this Plea Agreement may be executed by electronic signature, which shall be considered as an original signature for all purposes and shall have the same force and effect as an original signature.

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____     June 12, 2020_____
Ian L. Garriques                                     Date

Plea Agreement - 21

Assistant U.S. Attorney

I have had this Plea Agreement read to me and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    6/21/20
JASON WILLIAM CATHCART                Date
Defendant

I have read this Plea Agreement to my client and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____    6-18-20
Jeremy B. Sporn                       Date
Attorney for the Defendant

Plea Agreement - 22