# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>-vs-<br><br>JASON WILLIAM CATHCART,<br><br>         Defendant. | Case No.  1:16-CR-2044-SAB-1<br><br>**CRIMINAL MINUTES**<br><br>DATE:  MAY 10, 2021<br><br>LOCATION: YAKIMA, WA<br><br>**SENTENCING HEARING** |

| CHIEF JUDGE STANLEY A. BASTIAN ||||
|---|---|---|---|
| Michelle Fox | 03 | | Marilynn McMartin |
| **Courtroom Deputy** | **Law Clerk** | **Interpreter** | **Court Reporter** |
| Ian Garriques || Jeremy Sporn ||
| **Government Counsel** || **Defense Counsel** ||
| **United States Probation Officer:** Carrie Valencia ||||

[X]  Open Court    [  ]  Chambers    [  ]  Telecon/Video

Defendant present and in custody of the US Marshal.

Court outlines summary of case. Pled to counts 1 and 2. Dismiss count 3. Mandatory minimum sentence. Concurrent sentence. Court has reviewed the presentence report and all the documents.

Court asks if there are any objections to presentence report.

J. Sporn presents argument on the one objection.

I. Garriques presents argument against objection.
 Court questions counsel.
 I Garriques responds.

J. Sporn responds.

Court asks probation officer.

**[ X ]  ORDER FORTHCOMING**

| CONVENED: 1:30 P.M. | ADJOURNED: 3:25 P.M. | TIME: 1 HR. 55 MIN. | CALENDARED [ X ] |
|---|---|---|---|

USA -vs- Cathcart  
1:16-CR-2044-SAB-1  
Sentencing Hearing

May 10, 2021  
Page 2

    C. Valencia addresses the Court.

**Court DENIES the objection.  Court adopts the presentence report.**

Court addresses the forfeiture agreement as outlined in the plea agreement.  
    Defendant has reviewed the forfeiture order.  
    **Court will sign the Order**.

I. Garriques asks to reset all restitution matters to a later date.  
    J. Sporn does not object.  Defendant would like to be present for the restitution hearing.

I. Garriques presents argument and outlines recommendations.  
    Court addresses counsel.  
    I. Garriques presents argument.  
    Court addresses counsel.  Asks about concurrent sentence and 5G1.3.  
    I. Garriques states the presentence report has it calculated.  
    Probation responds.  
    I. Garriques responds.  
    Court states he will not get the credit because he has been in federal custody on a Writ.  Court asks counsel if they are asking for a lesser sentence for the 5 years he has been in custody.  
    I. Garriques indicates he is not asking to calculate the credit.

Court asks about the waiver of appeal.  
    I. Garriques believes he has waived the issue on the motion.  
    Court conceded a number of issues for the plea agreement.  
    I. Garriques indicates yes.

I. Garriques outlines final recommendations.

Court asks about Nevada case.  
    I. Garriques indicates it has been resolved.

Court asks about the restitution and does that relate to the JVTA also?  
    I. Garriques indicates it can be resolved now.

Angela Gorman speaks to the Court.

David Gorman speaks to the Court.

Amanda Fields speaks to the Court.

Steven Carlsen speaks to the Court.

J. Sporn presents argument and outlines recommendations.

Defendant speaks to the Court.

Court speaks to the defendant and the victims.

**Court sentences defendant.  Court outlines the 3553 factors.  Court accepts plea agreement**.

Imprisonment:  30 years per count to run concurrently.  Sentence shall run concurrently to the State of Washington sentence.  Credit for all federal time served.  Credit for 60 months.

**Final Sentence:** 300 months on Count 1, 300 months on Count 2. Concurrent Sentence and also Concurrent Sentence to State sentence.

**Court recommends defendant be returned to State Custody and serve his sentence at the previous facility in Airway Heights. Once released from State Custody, defendant shall serve any remaining Federal Custody in FCI Englewood in Colorado.**

**Waiver of right to appeal discussed.**

**Supervised Release:   Lifetime with standard conditions and the following special conditions**:

1. You must not communicate, or otherwise interact, with A.C. and G.G., either directly or through someone else, without first obtaining the permission of the probation officer. You must not enter the premises or loiter within 1000 feet of the victims' residence or place of employment.

2. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

3. You must not be employed in any occupation, business, or profession, or participate in any volunteer activity which provides access to children under the age of 18, unless authorized by the supervising officer.

4. You must not act as a consultant or advisor to individuals or groups engaged in any computer-related activity.

5. You must not be employed in, directly or indirectly, or perform services for, any entity engaged in a computer, computer software, or telecommunications business. You must not be employed in any capacity wherein you have access to computers or computer-related equipment or software without the approval of your supervising officer.

6. You must not use any software program or device designed to hide, alter or delete records/logs of your computer usage, Internet activities, or the files stored on the assigned computer. This includes the use of encryption, steganography (the art and science of hiding a message in a medium, such as a digital picture or audio file, so as to defy detection), and cache/cookie removal software.

7. You must only use your true name and identifiers (such as date of birth, social security number, driver's license number) for purposes of establishing credit, screen names, utility services, including any services related to computer or electronic equipment or contracts, and registration related to computer-related activities.

8. You must maintain a complete and current inventory of your computer equipment and provide it to the supervising officer. You must provide a monthly record of computer usage and bills pertaining to computer access to the supervising officer.

9. You must not view or possess any visual depictions (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct (as defined in 18 U.S.C. § 2256).

10. You must provide a complete record of all passwords and user identifications (both past and present) to the supervising officer and must not make any changes without the prior approval of the supervising officer.

11. You must not install new hardware or effect repairs on your computer system without advance permission from the supervising officer.

12. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

13. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

14. You may access on-line "computer," or Internet services, except that you must not access any on-line computer or Internet services, sites, or media that include or feature material that depicts "sexually explicit conduct" involving adults or "minor[s]," "child pornography," or "visual or auditory depictions" of "minor[s]" engaged in "sexually explicit conduct," all as defined in 18 U.S.C. § 2256.

15. You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

16. You must allow the probation officer, or designee, to conduct random inspections, including retrieval and copying of data from any computer, or any personal computing device that you possess or have access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. You must not possess or use any public or private data encryption technique or program. You must purchase and use such hardware and software systems that monitor your computer usage, if directed by the supervising officer.

17. You must live at an approved residence, and must not change your living situation without advance approval of the supervising officer.

18. You must not possess any type of camera or video recording device.

19. You must not reside or loiter within 500 feet of places where children congregate, which includes playgrounds, primary and secondary schools, city parks, daycare centers, and arcades.

20. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

21. You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

22. The defendant shall report to the Probation Office any and all electronic communications service accounts [as defined in 18 U.S.C. § 2510(15)] used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contain evidence of this violation.

23. You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence of violation of a condition of supervision. Failure to submit to search may be grounds for revocation. You must warn persons with whom you share a residence that the premises may be subject to search.

24. You must complete a sex offender evaluation, which may include psychological and polygraph testing. You must pay according to your ability and allow the reciprocal release of information between the evaluator and supervising officer.

25. You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

26. You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

27. You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

SPA:   $100 per count = $200

Fine:  Waived

JTVA:  to be determined.

Restitution:  to be determined.

I. Garriques moves to dismiss count 3.  
**Court will dismiss count 3.**

J. Sporn asks to have time to review the Order for forfeiture or abandonment with client.

Court asks counsel to inform the Court once it has been reviewed.

**Court sets the Restitution Hearing to July 26, 2021 at 10:30 am.**